OPINION
{¶ 1} Defendant-appellant, Nathaniel Haynes, was indicted on one count of aggravated robbery and two counts of robbery. After a jury trial, appellant was found not guilty of aggravated robbery but guilty of theft, a lesser included offense and guilty of the two counts of robbery. The State of Ohio elected to proceed with count two and appellant was sentenced on one count of robbery and the other two counts merged with count two. Appellant was sentenced to three years of incarceration. Appellant filed an application to file a delayed appeal, which this court granted. Appellant raises the following assignments of error:
Assignment of Error No. 1:
The trial court erred to the prejudice of the defendant by making certain statements regarding the crime of theft in the presence of a jury impaneled in a theft case.
Assignment of Error No. 2:
The trial court erred in denying the defendant's motion for acquittal, where the defendant failed to take a substantial step toward the completion of a criminal act.
Assignment of Error No. 3:
The determination of the trial court is against the manifest weight of the evidence.
 {¶ 2} The charges against appellant arose out of an incident, which occurred on March 2, 2003, at a Meijer store in Columbus. At the trial, a Meijer employee, in the Loss Prevention Department, Cory Procise, testified that he observed appellant in the men's department placing cigarettes into the waistband of his pants. (Tr. 35.) Then appellant began to leave and Procise approached appellant, identified himself and detained appellant in order for Procise to get the merchandise back. (Tr. 35.) Appellant then retrieved two packs of cigarettes from his pants and placed them on the ground. (Tr. 36.) Procise advised appellant that he was calling the police. Appellant placed his shopping basket down and walked away. (Tr. 36.) Procise began calling the police as appellant was walking out of the door and appellant reached inside his right pocket and "showed a knife down at his side and continued walking out the door." (Tr. 36.) Procise stated he had no doubt that appellant had a knife and had more cigarettes inside his pants as he left.
 {¶ 3} Brenda Williams, the floor supervisor at Kroger, located approximately one-half mile from Meijer, testified that she observed appellant on the telephone in the store lobby and noticed his leg was bleeding. (Tr. 64.) When she brought it to his attention, appellant replied that he did not realize he had cut his leg. (Tr. 64.) Williams saw appellant go to the eatery area and sit down. (Tr. 64.) Shortly thereafter, a police officer approached her and asked if she had seen someone matching appellant's description. The officers arrested appellant and he was yelling and screaming for help. (Tr. 65.)
 {¶ 4} Chris Davis, a police officer for the city of Gahanna, also testified that he responded to a call for assistance from the Columbus police regarding a robbery at the Meijer store. He saw appellant leave the eatery area at Kroger and leave his coat. Davis searched the coat but did not find a knife. (Tr. 74.) Davis and other officers approached appellant and explained the situation. (Tr. 75.) Appellant denied having been at the Meijer store and began to exit the store. The police officers detained appellant in an effort to investigate and appellant began to yell and struggle until he was placed in handcuffs. (Tr. 75.) Procise was brought to the Kroger store and identified appellant. No knife or cigarettes were found in appellant's possession. (Tr. 76.)
 {¶ 5} Appellant testified at the trial that he went to Meijer with the intent to steal cigarettes and sell them later. (Tr. 92-93.) He collected cigarettes, put them in a hand basket, took them to the home entertainment center area and put them inside a cabinet. (Tr. 93.) He intended to come back later to retrieve them. (Tr. 93-94.) He started to leave the store but had two packs of cigarettes in his hand and intended to pay for them if anyone noticed him. (Tr. 94-95.) When Procise stopped him, he handed him the two packs of cigarettes and then left the store because he did not have any other merchandise. (Tr. 95.) As he was leaving, Procise asked him what else he had in his pocket and appellant turned and showed him an orange key ring and said, "keys." (Tr. 96-98.) He also stated that he went to Kroger to make a phone call and he left his coat, keys and toboggan at the table at the eatery. He testified that when he was asked by the police officers if he had been at Meijer, he replied, "[o]f course, I told them no." (Tr. 112.)
 {¶ 6} By the first assignment of error, appellant contends that the trial court erred by making certain statements regarding the crime of theft in the presence of a jury impaneled in a theft case. After the jury was impaneled, the trial court took care of "housekeeping matters" (Tr. 9) and advised the jury as follows:
Okay. I handle all sorts of cases, civil cases, criminal cases. Sometimes criminals are in this room, not always, sometimes. You should not leave anything laying around anywhere that you value because it might not be there when you come back, so don't leave things up here in this box. I'm not aware of anything having been taken out of the jury room behind you, but I won't warrant anything. So keep your eye on your valuables.
(Tr. 11-12.)
 {¶ 7} Appellant argues that this advice was prejudicial because it portrayed appellant as a potential thief in a case involving theft and robbery.
 {¶ 8} The defense did not object so appellant has waived all but plain error. Although generally a court will not consider alleged errors that were not brought to the attention of the trial court, Crim. R. 52(B) provides that the court may consider errors affecting substantial rights even though they were not brought to the attention of the trial court. "Plain error is an obvious error * * * that affects a substantial right."State v. Yarbrough, 95 Ohio St.3d 227, 244, 2002-Ohio-2126, at ¶ 108, quoting State v. Keith (1997), 79 Ohio St.3d 514, 518. An alleged error constitutes plain error only if the error is obvious and, but for the error, the outcome of the trial clearly would have been different.Yarbrough, at 244-245. "Notice of plain error is taken with utmost caution only under exceptional circumstances and only when necessary to prevent a manifest miscarriage of justice." State v. Martin, Franklin App. No. 02AP-33, 2002-Ohio-4769, at ¶ 28 (citations omitted).
 {¶ 9} Evid. R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
It is well established that a trial judge must at all times be impartial and refrain from comments which might influence the jury. * * * In State v. Kay (1967), 12 Ohio App.2d 38, 49 * * * this court stated:
"Statements made by a trial judge during the progress of a trial and within hearing of the jury are of the same effect as though embodied in the charge to the jury, and, where such remarks or questioning may lend themselves to being interpreted as an opinion on the part of the judge as to the credibility of witnesses or of a defendant or an opinion on his part as to the facts of the case, prejudicial error results. * * *"
State v. Boyd (1989), 63 Ohio App.3d 790, 794.
 {¶ 10} There are five factors to consider in determining whether a trial court's remarks amount to reversible error: "(1) appellant has the burden to demonstrate prejudice; (2) the trial court is presumed to be in the best position to decide when a breach is committed and what corrective measures are called for; (3) the remarks are to be considered
in light of the circumstances under which they are made; and (4)consideration is to be given to their possible effect upon the jury, and to their possible impairment of the effectiveness of counsel." (Emphasis sic.) State v. Jackson (Nov. 20, 2003), Franklin App. No. 02AP-867,2003-Ohio-6183 at ¶ 26.
 {¶ 11} In this case, appellant has failed to demonstrate the prejudicial effect of the trial court's statement. Appellant argues that these neutral words are referring to this case. When the statement is read in context, however, it is clear that the trial court was explaining to the jury that many people are in and out of the courtroom and the jurors should take precautions. In the beginning, the trial court warned, as follows:
Now, you're going to soon find out this is a very busy place, and most of my days are like trying to put ten pounds of stuff into a five-pound bag. There are all kinds of things that have been scheduled, some of them for a year, some of them for months, and they're scheduled to take place the rest of this week. And although this trial is very important to me and I'm going to pay close attention to it, there are times when you will find that you're waiting on me because these other matters are scheduled and I have to pay attention to them. So I apologize for that. I wish it was different, but it's not.
(Tr. 9.)
 {¶ 12} Given this context, it is difficult to determine how appellant was prejudiced. There is no indication that the statement affected the jury's ability to fairly decide the case or that the effectiveness of appellant's counsel was impaired. While the better practice may be to have the jury commissioner relay these precautions to the jury, this statement does not rise to the level of plain error. Appellant's first assignment of error is not well-taken.
 {¶ 13} By the second assignment of error, appellant contends that the trial court erred in denying his motion for acquittal, where appellant failed to take a substantial step toward the completion of a criminal act. Crim. R. 29(A) provides, as follows:
The court * * * shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *
When reviewing the trial court's denial of a motion for acquittal under Crim. R. 29, a reviewing court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. State v. Thompson (1998), 127 Ohio App.3d 511,525. The standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v.Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 14} The jury found appellant guilty of one count of theft in violation of R.C. 2913.02 and two counts of robbery, in violation of R.C. 2911.02. Theft is defined in R.C. 2913.02(A) as follows:
No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
(1) Without the consent of the owner or person authorized to give consent[.]
 {¶ 15} Robbery is defined in R.C. 2911.02(A), as follows:
 No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control;
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another[.]
 {¶ 16} Appellant contends that the state failed to prove that he took a substantial step toward the completion of a theft offense because he did nothing more than move cigarettes from one location in the store to another location and when he was detained by the police, no knife or cigarettes were found on him.
 {¶ 17} In State v. Woods (1976), 48 Ohio St.2d 127, paragraph one of the syllabus, the Ohio Supreme Court defined "criminal attempt," as follows:
A "criminal attempt" is when one purposely does or omits to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. To constitute a substantial step, the conduct must be strongly corroborative of the actor's criminal purpose.
 {¶ 18} See, also, State v. Powell (1990), 49 Ohio St.3d 255, 261. The conduct necessary for a criminal attempt does not need to "be the last proximate act prior to the consummation of the felony intended to be perpetrated." State v. Farmer (1951), 156 Ohio St. 214, 216. The "intent to commit a crime does not of itself constitute an attempt, nor does mere preparation." Woods, at 131. In the substantial step analysis, the focus is on what actions were done by appellant, not what remains to be done to accomplish the crime. State v. Brooks (1989), 44 Ohio St.3d 185, 191.
 {¶ 19} Appellant testified that he entered the Meijer store with the intention of stealing cigarettes in order to later sell them. (Tr. 92-93.) He admitted that he collected cigarettes in a shopping basket and hid them in a cabinet in order to retrieve them later. (Tr. 93.) He kept two packs of cigarettes in his hand and intended to pay for them if someone noticed him. (Tr. 95.) He kept the two packs as a decoy in case anyone had seen him gather the cigarettes from the rack. (Tr. 107.) Procise testified that appellant hid many packs of cigarettes in his pants and took them out of the store when he left. (Tr. 38.) Procise testified that he had no doubt that appellant had more cigarettes than the two packs he returned when approached. (Tr. 34.)
 {¶ 20} Appellant argues that he abandoned his intent to take the cigarettes. However, in Woods, the Ohio Supreme Court quoted the Model Penal Code, Section 501(4), as follows:
 * * * Within the meaning of this Article, renunciation of criminal purpose is not voluntary if it is motivated, in whole or in part, by circumstances, not present or apparent at the inception of the actor's course of conduct, which increase the probability of detection or apprehension or which make more difficult the accomplishment of the criminal purpose. Renunciation is not complete if it is motivated by a decision to postpone the criminal conduct until a more advantageous time or to transfer the criminal effort to another but similar objective or victim.
Id. at 133, fn 1.
 {¶ 21} In Woods, the court found no voluntary abandonment where a robber heard sirens and refrained from pursuing a plan to rob a store. Here, appellant left the cigarettes hidden and could return later to take them and admitted that he was only planning to pay for the two packs of cigarettes if someone from the store confronted him. He did not voluntarily abandon his plan.
 {¶ 22} Appellant's actions constitute substantial steps toward committing a theft offense and actually committing the offense. Given this evidence, and viewing it in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. The existence of conflicting evidence does not render the evidence insufficient as a matter of law. State v. Murphy (2001), 91 Ohio St.3d 516, 543. Appellant's second assignment of error is not well-taken.
 {¶ 23} By the third assignment of error, appellant contends that the determination of the trial court is against the manifest weight of the evidence. The test for whether a judgment is against the manifest weight of the evidence involves a limited weighing of the evidence by the court to determine whether there is sufficient, competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387. In Thompkins, at 387, the Supreme Court of Ohio described the standard of review, as follows:
* * * Weight of the evidence concerns "the inclination of the greateramount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greateramount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on itseffect in inducing belief." (Emphasis added.) Black's [Law Dictionary (6 Ed. 1990)], at 1594.
 {¶ 24} Appellant argues that inconsistencies in Procise's testimony render the judgment against the manifest weight of the evidence. Appellant contends that Procise's testimony was inconsistent with his initial written summary because he did not mention more than the two packs of cigarettes and the police report indicates appellant had a screwdriver in his hands, not a knife.[1] Procise testified he did not mention the other packs of cigarettes in the report because he did not see appellant conceal the merchandise but he could see the bulges and squares of other packs of cigarettes in his waistband. (Tr. 58.) He explained that he told the police officer that appellant had either a knife or a screwdriver (Tr. 60) but he had no doubt that appellant had a knife and took more cigarettes. (Tr. 45.) A conviction is not against the manifest weight of the evidence solely because the jury heard inconsistent testimony. State v. Kendall (June 29, 2001), Franklin App. No. 00AP-1098. The trier of fact makes determinations of credibility and the weight to be given to the evidence. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. "It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness."State v. Lakes (1964), 120 Ohio App. 213, 217.
 {¶ 25} In this case, there is sufficient, competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. Procise testified he had no doubt that appellant had taken cigarettes from the store and that he had a knife. Appellant's third assignment of error is not well-taken.
 {¶ 26} For the foregoing reasons, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Petree, JJ., concur.
[1] While there was testimony regarding the police report and the parties filed a stipulated motion to supplement the record with all of the exhibits in this court, State's Exhibit C, the police report, was not admitted as part of the record. (Tr. 117-118.) Appellant's Exhibits A and C were admitted as part of the record but not for the jury. (Tr. 120.)