[Cite as *State v. Johnston*, 2014-Ohio-353.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO.  8-13-10

    v.

ERIC MICHAEL JOHNSTON,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR12-10-0253

**Judgment Affirmed**

Date of Decision:   February 3, 2014

APPEARANCES:

    *Edwin Dougherty* for Appellant

    *Eric C. Stewart*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Eric Michael Johnston ("Johnston"), appeals the Logan County Court of Common Pleas' judgment entry of sentence. We affirm.

{¶2} On December 11, 2012, the Logan County Grand Jury indicted Johnston on one count of breaking and entering in violation of R.C. 2911.13(A), a fifth-degree felony. (Doc. No. 4).

{¶3} The trial court held an arraignment hearing on January 16, 2013. (Doc. No. 17). Johnston appeared with counsel and entered a plea of not guilty. (*Id.*).

{¶4} On May 8, 2013, the trial court held a hearing to allow Johnston to waive his right to a jury trial. (Doc. No. 28). Johnston executed a "waiver of jury" in open court after having the opportunity to consult with counsel. (Doc. No. 30). In the "waiver of jury," Johnston waived his right to a trial by jury and elected to be tried by a judge of the trial court. (*Id.*).

{¶5} A bench trial was held on May 16, 2013, and the trial court found Johnston guilty. (May 16, 2013 Tr. at 4-5, 46); (Doc. Nos. 35, 37).

{¶6} The trial court held a sentencing hearing on June 17, 2013 and sentenced Johnston to three years of community control. (June 17, 2013 Tr. at 2-4); (Doc. No. 45). The trial court also ordered that Johnston pay a fine of $250.00, restitution in the amount of $350.00, and the costs of prosecution and fees permitted under R.C. 2929.18(A) and 2947.23. (*Id.*); (*Id.*).

**{¶7}** On July 15, 2013, the trial court filed its judgment entry of sentence. (Doc. No. 45).

**{¶8}** Johnston filed a notice of appeal on July 19, 2013, followed by his statement and praecipe and criminal appeal docketing statement on August 6, 2013. (Doc. Nos. 51, 58, 59). He raises two assignments of error for our review.

**Assignment of Error No. I**

**Eric Johnston was convicted on insufficient evidence.**

**{¶9}** In his first assignment of error, Johnston argues that the trial court lacked sufficient evidence to find him guilty of breaking and entering under R.C. 2911.13(A). Specifically, Johnston argues that the State failed to prove that he trespassed—one of the elements of R.C. 2911.13(A)—and that one of the State's witnesses was not credible.

**{¶10}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

**{¶11}** "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

**{¶12}** The trial court found Johnston guilty of the sole count contained in the indictment—breaking and entering in violation of R.C. 2911.13(A). That statute provides: "[n]o person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony." R.C. 2911.13(A).

**{¶13}** The breaking-and-entering count against Johnston was based on his allegedly stealing aluminum gutters, siding, and spouting from a shed on a "weekend getaway" property in the Indian Lake area. (*See* May 16, 2013 Tr. at 10, 20). In his brief, Johnston addresses the trespass element of R.C. 2911.13(A). He argues that the State did not prove trespass because the State's second of two witnesses—a neighbor who lived across the street from the property—testified only that she witnessed Johnston removing the materials from the shed, not that she witnessed Johnston entering the shed.

{¶14} We conclude that there was sufficient evidence to support Johnston's breaking-and-entering conviction, including sufficient evidence on the trespass element of R.C. 2911.13(A). The property owner testified that she and her husband stored the aluminum gutters, siding, and spouting "in the shed" and that they noticed those materials were missing from the shed. (May 16, 2013 Tr. at 13). The neighbor testified that she witnessed Johnston taking the gutters, siding, and spouting "out of the shed and loading it into the truck." (*Id.* at 20). The neighbor—who knew Johnston for at least ten years and used to take care of his son—testified that she approached Johnston and spoke with him face-to-face when she witnessed him removing the materials and that he told her he had permission to remove the materials. (*Id.* at 20-22, 26). She testified that there was "[n]o question in [her] mind whatsoever" that it was Johnston who was removing the materials from the shed. (*Id.* at 22). This is sufficient evidence to support the trespass element of R.C. 2911.13(A).

{¶15} Johnston also argues that the neighbor was not a credible witness because she testified, on one hand, that Johnston was a known collector of junk who was not allowed in the neighborhood due to thievery, but, on the other hand, that she did not think Johnston's presence in the neighborhood was suspicious because "junk men" come through the neighborhood. (May 16, 2013 Tr. at 19-20). However, in deciding if the evidence was sufficient, we do not assess credibility of witnesses—that is a function reserved for the trier of fact, who

obviously found the neighbor's testimony credible. *See Jones*, 2013-Ohio-4775, at ¶ 33.

**{¶16}** Johnston's first assignment of error is overruled.

### Assignment of Error No. II

**Mr. Johnston was denied effective assistance of counsel when counsel called Johnston to testify eventhough [sic] he had multiple theft convictions.**

**{¶17}** In his second assignment of error, Johnston argues that he was denied effective assistance of trial counsel when trial counsel called Johnston to testify because Johnston's "lengthy record for thefts and one case of breaking and entering," which came out during the State's cross-examination of Johnston. (Appellant's Brief).[1]

**{¶18}** A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland*, 466 U.S. at 687.

---

[1] Johnston's brief does not contain page numbers.

{¶19} Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989), quoting *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976).

{¶20} In this case, Johnston has not satisfied *Strickland*'s ineffective-assistance-of-counsel test. "Whether or not a defendant testifies is purely a tactical decision." *State v. Hailes*, 6th Dist. Wood No. WD-11-001, 2012-Ohio-3111, ¶ 53, quoting *State v. Ryan*, 6th Dist. Wood No. WD-05-5120, 2006-Ohio-5120, ¶ 23. *See also State v. Coulson*, 3d Dist. Hardin No. 6-96-04, 1996 WL 471304, *2 (Aug. 2, 1996) ("[W]e believe that counsel's decision to allow defendant to testify was a reasonable tactical decision which will not be second guessed on appellate review."). "Since the advice of an attorney to their client regarding the decision to testify is a tactical decision, it cannot be challenged on appeal on the grounds of ineffective assistance of counsel, unless it is shown that the decision was the result of coercion." *Hailes* at ¶ 53, quoting *Ryan* at ¶ 23. Here, Johnston does not allege that his trial counsel coerced him into testifying in his trial, so he cannot demonstrate that his trial counsel was ineffective.

{¶21} Moreover, Johnston does not argue that he was prejudiced, only that "[i]t would be hard to believe that the prior convictions would not enter into the Court's decision-making and sway the balance toward guilty." (Appellant's Brief). However, in "a bench trial rather than a trial before a jury, a judge is presumed to consider only the relevant, material and competent evidence in arriving at a judgment unless the contrary affirmatively appears from the record." *State v. Jones*, 3d Dist. Van Wert No. 15-11-16, 2012-Ohio-5334, ¶ 35, citing *State v. Colegrove*, 140 Ohio App.3d 306, 317 (8th Dist.2000). In this case, it does not affirmatively appear from the record that the trial court considered for any improper purpose—such as propensity to commit the crime—the evidence of Johnston's prior convictions, and Johnston does not argue that it does.

{¶22} Johnston's second assignment of error is overruled.

{¶23} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**