[Cite as *State v. Bridges*, 2018-Ohio-1388.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 105440

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDRE L. BRIDGES

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-602730-A

**BEFORE:** Laster Mays, Stewart, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** April 12, 2018

**ATTORNEY FOR APPELLANT**

Leigh S. Prugh
Nee Law Firm, L.L.C.
26032 Detroit Road, Suite 5
Westlake, OH 44145

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Maxwell Martin
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant Andre L. Bridges ("Bridges") appeals his convictions and sentence, and asks this court to reverse his convictions and vacate his sentence. We affirm in part, reverse in part, and remand for resentencing.

**{¶2}** Bridges was convicted of one count of rape, a first-degree felony, in violation of R.C. 2907.02(A)(2); one count of gross sexual imposition, a fourth- degree felony, in violation of R.C. 2907.05(A)(1); and one count of kidnapping, a first-degree felony, in violation of R.C. 2905.01(A)(4). The kidnapping count included a sexual motivation specification under R.C. 2941.147(A). Bridges was sentenced to nine years in prison and five years of mandatory postrelease control for rape. He was also sentenced to nine years in prison for kidnapping and 18 months for gross sexual imposition. The trial court ran the prison terms for kidnapping and gross sexual imposition concurrently, but consecutively to the sentence for rape. Bridges was sentenced to an aggregate of 18 years in prison.

## I. Facts

**{¶3}** Bridges first met the victim, L.M., at her sister's house on Halloween, 2015. The two talked over the next few days and eventually planned to go to dinner for L.M.'s birthday. The date did not go well according to L.M. Over the next couple of days, Bridges attempted to call L.M. to apologize for the bad date. On November 8, 2015, Bridges ultimately contacted L.M. to discuss their last date and, after several hours of

talking, L.M. accepted Bridges's apology. L.M. informed Bridges that she had plans to celebrate her best friend's birthday, and they separated. After dinner, L.M. and her friends decided to go to a club for dancing. This was also the same club that Bridges mentioned to L.M. that he would be going to that evening.

{¶4} Bridges met with L.M. and her friends at the club. After a few drinks, L.M. asked Bridges to drive her home, and arranged for her friends to drive her car to her home. When they all arrived at L.M.'s house, L.M. told her friends that she wanted Bridges to leave because she did not want to have sex with him. Bridges and the rest of L.M's friends left, with Bridges stating that he was going to come back to L.M.'s home. Ten minutes later, Bridges returned to L.M.'s home. L.M. refused to let Bridges into her home until he promised that they would not get physical. Once Bridges entered the home, Bridges and L.M. started kissing. L.M. pulled away and reminded Bridges of his promise.

{¶5} L.M. and Bridges then walked into her living room, where they laid on the floor together and began kissing once more. L.M. again asked Bridges to slow down. Bridges got on top of L.M. and started touching and kissing her. L.M. resisted by trying to push Bridges off of her. Bridges removed L.M.'s clothes and penetrated L.M.'s vagina without her consent.

{¶6} Once Bridges stopped, L.M. put her clothes back on and moved to the other side of the room. Bridges eventually left L.M.'s home. The next day, L.M. confided in her friend everything that transpired the night before with Bridges. That evening, L.M.

reported the incident to the Maple Heights Police Department. L.M. then went to the hospital, where she was examined and treated for sexual assault. The semen discovered on L.M.'s body was submitted as part of L.M.'s rape kit.

{¶7} A DNA analyst analyzed the semen from the rape kit and matched it to the DNA profile from Bridges. The police interviewed Bridges, who denied having sex with or raping L.M. On November 9, 2015, Bridges was indicted on rape, gross sexual imposition, and kidnapping. He was found guilty.

{¶8} On October 26, 2016, Bridges filed a civil action, where he alleged malpractice against his own attorney on grounds that he was not permitted to testify on his own behalf at the trial. He also requested a new trial in the criminal case. The trial court denied Bridges's motion for a new trial. Bridges filed a timely appeal assigning three errors for our review:

> I.  The trial court erred in finding the appellant guilty on all of the counts of the indictment, as the conviction is against the manifest weight of the evidence;
>
> II. The trial court erred in failing to merge the counts of rape and kidnapping, as they should have been considered allied offenses under R.C. 2941.45;
>
> III. The trial court erred when it denied appellant's motion for a new trial where Bridges was denied effective assistance of counsel based on his counsel's refusal to allow him to testify at trial.

## II.    Manifest Weight of the Evidence

### A.    Standard of Review

{¶9} Bridges claims that his conviction is against the manifest weight of the evidence.

> A manifest weight challenge attacks the credibility of the evidence presented and questions whether the state met its burden of persuasion at trial. *State v. Whitsett*, 8th Dist. Cuyahoga No. 101182, 2014-Ohio-4933, ¶ 26, citing *Thompkins*, 78 Ohio St.3d at 387, 1997-Ohio-52, 678 N.E.2d 541; *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 13. Because it is a broader review, a reviewing court may determine that a judgment of a trial court is sustained by sufficient evidence, but nevertheless conclude that the judgment is against the weight of the evidence.

*State v. Wynn*, 8th Dist. Cuyahoga No. 103824, 2017-Ohio-4062, ¶ 48.

{¶10} Also,

> "'[w]hen considering an appellant's claim that a conviction is against the manifest weight of the evidence, the court of appeals sits as a "thirteenth juror" and may disagree with the factfinder's resolution of conflicting testimony.'" *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The reviewing court must examine the entire record, weigh the evidence and all reasonable inferences,

consider the witnesses' credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387, citing *State v. Martin*, 20 Ohio App.3d 172, 20 Ohio B. 215, 485 N.E.2d 717 (1st Dist.1983). In conducting such a review, this court remains mindful that the credibility of witnesses and the weight of the evidence are matters primarily for the trier of fact to assess. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraphs one and two of the syllabus. Reversal on manifest weight grounds is reserved for the "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *Martin*, supra.

*Id*. at ¶ 49.

**B.    Law and Analysis**

**{¶11}** In Bridges's first assignment of error, he contends that his convictions were against the manifest weight of the evidence because L.M.'s testimony was inconsistent, resulting in L.M. not being a reliable witness.

**{¶12}** Although, we review credibility when considering the manifest weight of the evidence, we are cognizant that determinations regarding the credibility of witnesses and the weight of the testimony are primarily for the trier of fact. The trier of fact is best able "'to view the witnesses and observe their demeanor, gestures, and voice inflections,

and use these observations in weighing the credibility of the proffered testimony.'" *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24 quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶13} The rape statute, R.C. 2907.02(A)(2), states "no person shall engage in sexual conduct with another who is not the spouse of the offender * * *, the offender purposely compels the other person to submit by force or threat of force." Bridges specifically points to L.M.'s testimony that after expressing displeasure with Bridges on the night of the rape, she let him back in the house. Bridges also refers to L.M.'s testimony where she stated, "[w]hile part of me enjoyed it, the other part felt I was losing control of the situation quickly. I repeatedly said 'stop' and that I didn't want to do this." (Tr. 617.) Bridges claims that by L.M. stating part of her enjoyed it, her testimony is unreliable. Bridges asserts that this demonstrates his encounter with L.M. was consensual.

{¶14} However,

> [i]t is the province of the [factfinder] to determine where the truth probably lies from conflicting statements, not only of different witnesses, but by the same witness. *State v. Haynes*, 10th Dist. Franklin No. 03AP-1134, 2005-Ohio-256, ¶ 24, quoting *State v. Lakes*, 120 Ohio App. 213, 201 N.E.2d 809 (4th Dist.1964). "A conviction is not against the manifest weight of the evidence solely because the [factfinder] heard inconsistent testimony." *State v. Phillips*, 8th Dist. Cuyahoga No. 103325, 2017-Ohio-1284, ¶ 33, quoting *State v. Hill*, 8th Dist. Cuyahoga No. 99819, 2014-Ohio-387.

*State v. Patterson*, 8th Dist. Cuyahoga No. 105265, 2017-Ohio-8318, ¶ 19.

{¶15} During trial, the factfinder had the opportunity to listen and observe

L.M.'s demeanor, gestures, and voice inflection. It is the province of the factfinder to determine where the truth probably lies, even if the testimony was inconsistent. Reviewing the conflicts in the evidence, we do not find that the trier of fact clearly lost its way. We do not find that the rape conviction was against the manifest weight of the evidence.

{¶16} Bridges also contends that his conviction in violation of R.C. 2905.01(A)(4) with a sexual motivation specification was also against the manifest weight of the evidence. The kidnapping statute, R.C. 2905.01(A), states that "[n]o person, by force, threat, or deception, * * *, shall remove another from the place where the other person is found or restrain the liberty of the other person, * * * (4) [t]o engage in sexual activity, as defined in section 2901.01 of the Revised Code, with the victim against the victim's will."

{¶17} We find that Bridges's assertion has no merit. The record reveals that the victim made multiple attempts to push Bridges off of her while she was restrained on the floor. The evidence supports that L.M.'s liberty was restrained in order for Bridges to engage in sexual activity.

{¶18} We do not find that this is the exceptional case. Therefore, Bridge's convictions for rape and kidnapping are not against the manifest weight of the evidence.

{¶19} Bridges first assignment of error is overruled.

## III. Allied Offenses

### A. Standard of Review

**{¶20}** Bridges argues that his convictions for rape and kidnapping are allied offenses and should merge for the purpose sentencing. "An appellate court applies a de novo standard of review when reviewing whether two offenses are allied offenses of similar import." (Citation omitted.) *State v. Boczek*, 8th Dist. Cuyahoga No. 103811, 2016-Ohio-5708, ¶ 4.

### B. Law and Analysis

**{¶21}** In Bridges's second assignment of error, he contends that the court erred in failing to merge the rape and kidnapping counts. R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶22}** Courts must ask three questions when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25,

* * * (1) Were the offenses dissimilar in import or significance — in other words, did each offense cause separate, identifiable harm? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 31. "An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered." *Id.*

*Boczek* at ¶ 6.

**{¶23}** Bridges was convicted of kidnapping, in violation of R.C.2905.01(A)(4) and rape, in violation of R.C. 2907.02(A)(2). The kidnapping occurred when Bridges held L.M. down to rape her. *See State v. Trotter*, 8th Dist. Cuyahoga No. 97064, 2012-Ohio-2760, ¶ 48 ("the state concedes that one of the kidnapping convictions merges into the rape convictions because it occurred when defendant held the victim down while he was raping her").

> In *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), the Supreme Court of Ohio adopted guidelines for determining whether kidnapping and another similar offense are allied offenses of similar import that were not committed with a separate animus. In the syllabus of *Logan*, the Supreme Court of Ohio stated:
>
>> "(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
>>
>> "(b) Where the transportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."

*State v. Smith*, 10th Dist. Franklin No. 87AP-300, 1988 Ohio App. LEXIS 1858 (May 12, 1988).

**{¶24}** A review of the record reveals that the rape and kidnapping were not committed separately, but simultaneously, and were committed with the same motivation, to force the victim to engage in sexual conduct. Therefore, the trial court erred in not merging the rape and kidnapping counts.

**{¶25}** Bridges's second assignment of error is sustained. The trial court's decision is reversed. We remand to the trial court to merge the rape and kidnapping convictions. The state shall elect the merger, and the trial court is to resentence Bridges.

## IV. Motion for New Trial

### A. Standard of Review

**{¶26}** Bridges argues that the trial court erred when it denied his motion for a new trial.

> The decision to grant or deny a motion for new trial rests in the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Sharp v. Norfolk & W. Ry. Co.*, 72 Ohio St.3d 307, 312, 1995 Ohio 224, 649 N.E.2d 1219. * * * An abuse of discretion is more than an error in judgment or a mistake of law; it connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 Ohio B. 481, 450 N.E.2d 1140.

*Shepard v. Grand Trunk W. RR.*, 8th Dist. Cuyahoga No. 92711, 2010-Ohio-1853, ¶ 49.

### B. Law and Analysis

**{¶27}** In Bridges's third assignment of error, he contends that he was denied effective assistance of counsel because his trial counsel refused to allow him to testify at his trial. He filed a motion for a new trial, and the trial court denied it.

> In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 911 N.E.2d 242 (2009), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of defense counsel's performance must be highly deferential. *Strickland* at 689. In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 1999 Ohio 102, 714 N.E.2d 905 (1999).

*State v. Pridgett*, 8th Dist. Cuyahoga No. 101823, 2016-Ohio-687, ¶ 34.

**{¶28}** Bridges argues that his trial counsel informed him that Bridges could not testify and tell his side of the story. "Generally, the defendant's right to testify is regarded both as a fundamental and a personal right that is waivable only by an accused." *State v. Bey*, 85 Ohio St.3d 487, 497, 709 N.E.2d 484 (1999).

**{¶29}** However,

> "[w]hether or not a defendant testifies is purely a tactical decision." *State v. Hailes*, 6th Dist. Wood No. WD-11-001, 2012-Ohio-3111, ¶ 53, quoting *State v. Ryan*, 6th Dist. Wood No. WD-05-5120, 2006-Ohio-5120, ¶ 23. *See also State v. Coulson*, 3d Dist. Hardin No. 6-96-04, 1996 Ohio App. LEXIS 3621, 1996 WL 471304, *2 (Aug. 2, 1996). ("[W]e believe that counsel's decision to allow defendant to testify was a reasonable tactical decision which will not be second guessed on appellate review."). "Since the advice of an attorney to their client regarding the decision to testify is a tactical decision, it cannot be challenged on appeal on the grounds of ineffective assistance of counsel, unless it is shown that the decision was the result of coercion." *Hailes* at ¶ 53, quoting *Ryan* at ¶ 23.

*State v. Johnston*, 3d Dist. Logan No. 8-13-10, 2014-Ohio-353, ¶ 20.

**{¶30}** There is nothing in the record which indicates that Bridges's trial counsel coerced him to not testify at trial.

> The defendant bears the burden of proving ineffectiveness of counsel. *State v. McNeill* (1998), 83 Ohio St.3d 438, 451, 700 N.E.2d 596. "The defendant cannot meet his burden by making bare allegations that find no support in the record." *State v. Leek*, 8th Dist. Cuyahoga No. 74338, 1999 Ohio App. LEXIS 3503 (July 29, 1999), unreported, citing *State v. Stewart*, 8th Dist. Cuyahoga No. 73255 (Nov. 19, 1998), unreported, citing *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985).

*State v. Cobb*, 8th Dist. Cuyahoga No. 76950, 2001-Ohio-4132, 2001 Ohio App. LEXIS 968, 9 (Mar. 8, 2001). In this case, Bridges fails to satisfy either prong of the *Strickland* test. Bridges was not denied effective assistance of counsel.

**{¶31}** Crim.R. 33(A) provides the grounds for when a new trial may be granted.

It states,

> A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> (1)   Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
>
> (2)   Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
>
> (3)   Accident or surprise which ordinary prudence could not have guarded against;
>
> (4)   That the verdict is not sustained by sufficient evidence or is contrary to law.   If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;
>
> (5)   Error of law occurring at the trial;
>
> (6)   When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial.   When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case.   The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

Our finding that Bridges was not denied effective assistant of counsel where Bridges asserts that his counsel did not allow him to testify or threaten to terminate representation is determinative of this assignment of error.   The remaining reasons enumerated above for possibly granting a motion for a new trial are not applicable to Bridges claims and

therefore will not be reviewed.    We find nothing in the record supporting Bridges's assertion that he was prevented from having a fair trial.    Therefore, we find that the trial court did not err by denying Bridges's motion for a new trial.

**{¶32}** Bridges's third and final assignment of error is overruled.

**{¶33}** Judgment is affirmed in part, reversed in part, and remanded for resentencing.

It is ordered that the appellee and appellant split costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MELODY J. STEWART, P.J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY