[Cite as *State v. Underwood*, 2019-Ohio-67.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106597**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JAMES UNDERWOOD**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-605940-B, CR-16-608270-A, CR-16-608459-A,
CR-16-608959-B, CR-16-608977-B, and CR-16-609456-B

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 10, 2019

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue, Suite 800
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Khalilah A. Lawson
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113


SEAN C. GALLAGHER, J.:

{¶1}   Appellant James Underwood seeks to challenge the sentence imposed by the trial court in each of the six underlying felony cases.   Upon review, we affirm.

**Background**

{¶2} Appellant entered a plea pursuant to a plea agreement involving six cases that proceeded together to sentencing, to wit: Cuyahoga C.P. Nos. CR-16-605940-B, CR-16-608270-A, CR-16-608459-A, CR-16-608959-B, CR-16-608977-B, and CR-16-609456-B. Initially, a notice of appeal was filed in one of those cases, Cuyahoga C.P. No. CR-16-608977-B. Appellant was granted leave to file a delayed appeal in the other cases, which were sua sponte consolidated herein for purposes of appeal.[1]

{¶3} The record reflects that the state and appellant reached a plea agreement involving the six cases. At a hearing held on January 19, 2017, the assistant prosecutor outlined the plea agreement on the record. Pursuant to the plea agreement, appellant agreed to plead guilty to a number of felony offenses in the six cases, most of which included a firearm specification, with the remaining counts being nolled.

{¶4} Before accepting appellant's guilty pleas, the trial court engaged in a Crim.R. 11 colloquy with appellant. After appellant entered his guilty pleas to various counts under the plea agreement, the trial court dismissed any remaining counts in the cases.

{¶5} The trial court held a sentencing hearing on March 2, 2017. The following sentences were imposed in each case:

- Case No. CR-16-605940-B: attempted grand theft, a felony of the fourth degree — 12 months.

- CR-16-608270-A: having weapons while under disability, a felony of the third degree, with forfeiture specification(s) — 24 months.

- CR-16-608459-A: aggravated robbery, a felony of the first degree with a three-year firearm specification — 8 years plus 3 years on

---

[1] The parties were afforded the opportunity to file supplemental briefing. As no additional briefing was filed, the case is considered heard and submitted upon the initial briefing of the parties.

the firearm specification; and having weapons while under disability, a felony of the third degree — 24 months concurrent; total of 11 years.

- CR-16-608959-B: aggravated robbery, a felony of the first degree, with a three-year firearm specification; felonious assault, a felony of the second degree, with a three-year firearm specification; and aggravated burglary, a felony of the first degree, with a three-year firearm specification. On each base count — 8 years concurrent, plus 3 years on each of the three firearm specifications (run consecutive for 9 years on the firearm specifications); total of 17 years.

- CR-16-608977-B: aggravated robbery, a felony of the first degree, with a three-year firearm specification — 8 years plus 3 years on the firearm specification; total of 11 years.[2]

- CR-16-609456-B: two counts of aggravated robbery involving different victims, felonies of the first degree, each with a one-year firearm specification. On each base count, 8 years concurrent, plus 1 year on each of the two firearm specifications (run consecutive for 2 years on the firearm specifications); total of 10 years.

{¶6} The court imposed a prison sentence in each case, with the base count(s) run concurrent within and between cases, and the firearm specification(s), which were to be served prior to and consecutive to the base count, run consecutive within and between cases. The total aggregate term of imprisonment imposed for all six cases was 25 years — 8 years total on base

---

[2] We note that in Cuyahoga C.P. CR-16-608977-B, the trial court sentenced appellant to 11 years in prison, consisting of 8 years on the underlying aggravated robbery charge to be served prior to and consecutive to 3 years on the firearm specification. Although the trial court originally issued a journal entry indicating the aggravated robbery charge included a one-year firearm specification, it later issued a nunc pro tunc entry correcting the clerical error and properly indicating the charge had a three-year firearm specification, to which appellant had pled guilty and was properly sentenced.

counts plus 17 years on all firearm specifications. The court also imposed postrelease control in the cases.

**Legal Analysis**

{¶7} Although the state argues that there was an agreed sentence that is not subject to review pursuant to R.C. 2953.08(D)(1), the record lacks sufficient clarity to find a jointly recommended sentence was made in this matter. It appears from the court's statements that the judge had agreed in a conversation with defense counsel and the prosecutor in chambers to cap the aggregate sentence for the six cases at 25 years maximum. The judge conveyed this to appellant at the plea hearing and again at the time of sentencing. However, when the plea agreement was outlined on the record, nothing was stated with regard to a jointly recommended sentence and appellant never expressed that he had accepted an agreed sentence as part of the plea deal. Parties are advised to clearly articulate a jointly recommended sentence, if applicable, when placing the plea agreement on the record.

{¶8} We further observe that we are not permitted to consider the sentences for each offense together as a whole because the "'sentencing package' doctrine, by which federal courts may consider multiple offenses as a whole and impose an overarching sentence, is not applicable in Ohio's state courts." *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 8, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 10.

{¶9} Under his sole assignment of error, appellant claims that the record fails to clearly and convincingly support the imposition of more than the minimum sentence. He claims that the imposition of more than the minimum sentence was not supported under R.C. 2929.11 and 2929.12.

**{¶10}** Under R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." A sentence is not considered clearly and convincingly contrary to law "'where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range.'" *State v. Lenard*, 8th Dist. Cuyahoga No. 105998, 2018-Ohio-3365, ¶ 79, quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

**{¶11}** The Supreme Court of Ohio has held that "'[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or *more than the minimum sentence*.'" Emphasis added. *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 34, quoting *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Appellate courts are to afford deference to a trial court's broad discretion in making sentencing decisions. *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 10. Although some sentences do not require the findings that R.C. 2953.08(G) specifically addresses, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

**{¶12}** The applicable version of R.C. 2929.11 provides that a felony sentence shall be reasonably calculated to achieve two overriding purposes: (1) "to protect the public from future

crime by the offender and others," and (2) "to punish the offender using the minimum sanctions the court determines will achieve those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A).[3] Further, the sentence imposed for a felony must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶13} Pursuant to R.C. 2929.12, a court sentencing a felony offender "has discretion to determine the most effective way to comply with the purposes and principles of sentencing" outlined in the statute. R.C. 2929.12(A). In exercising that discretion, the sentencing court must consider the seriousness, recidivism, and other mitigating factors set forth in R.C. 2929.12. *Id.*

{¶14} Although the trial court must consider the purposes and principles of sentencing as well as the factors in R.C. 2929.12, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Further, "[an] appellant's sentence is not contrary to law simply because he disagrees with the way in which the trial court weighed the factors under R.C. 2929.11 and 2929.12 and applied these factors in crafting an appropriate sentence." *State v. Frazier*, 2017-Ohio-8307, 98 N.E.3d 1291, ¶ 28 (8th Dist.).

{¶15} Here, appellant complains that the trial court gave no explanation for imposing more than the minimum sentence. However, the trial court was not required to make any

---

[3] There are now three overriding purposes set forth in R.C. 2929.11(A). *See* S.B. 66, Section 1, effective October 29, 2018.

findings.  Appellant also argues that he is not likely to reoffend and that he demonstrated genuine remorse by apologizing at the sentencing hearing.

{¶16} Appellant fails to demonstrate that the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.   In fact, the record reflects otherwise.

{¶17} At the sentencing hearing, the trial court indicated it had reviewed the presentence investigation report.  Also, a psychiatric evaluation had been conducted.  The trial court heard from defense counsel, the assistant prosecutor, and appellant.  Defense counsel presented mitigating factors and acknowledged that a number of the cases involved the use of a firearm, the nature of the cases involved, and the psychological scarring to the victims.  The assistant prosecutor indicated the victims were "very traumatized" by appellant's actions.  Appellant apologized for his actions.  Appellant's mother and the mother of one of his children also addressed the court.  Prior to imposing sentence, the trial court stated that it had considered "the purposes and principles set forth in felony sentencing[.]"  The sentencing journal entries also state that "the court considered all required factors of the law.  The court finds that prison is consistent with the purpose of R.C. 2929.11."

{¶18} Appellant has failed to demonstrate by clear and convincing evidence that the record does not support the sentences imposed under the relevant statutes, or that his sentences were contrary to law.   We overrule appellant's sole assignment of error.

{¶19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.        The        court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR