[Cite as *State v. Rouse*, 2019-Ohio-708.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 107379

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TAE MON L. ROUSE**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-612475-A

**BEFORE:** E.T. Gallagher, P.J., Blackmon, J., and Sheehan, J.

**RELEASED AND JOURNALIZED:** February 28, 2019

ATTORNEY FOR APPELLANT

John P. Parker
988 East 185th Street
Cleveland, Ohio 44119


ATTORNEYS FOR APPELLEE

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Brandon Piteo
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Tae Mon L. Rouse, appeals his sentence and claims the following error:

> The sentence is contrary to law or not supported by the record and this court must take action under *State v. Jones*, 2018-Ohio-498, 105 N.E.3d 702 (8th Dist.) (En Banc).

{¶2} We find no merit to the appeal and affirm the trial court's judgment.

## I.    Facts and Procedural History

{¶3} In November 2016, Rouse was involved in a drive-by shooting in Maple Heights, Ohio, during which he fired several shots into a house on Maple Heights Boulevard.   One of the bullets grazed the arm of a woman inside the home.   A gun was later found in Rouse's backpack at school.   Forensic experts determined that the gun in Rouse's backpack was stolen three

months earlier and that it was the same firearm used in the drive-by shooting. Investigators also discovered Rouse's DNA on shell casings found at the scene.

**{¶4}** As a result of the shooting incident, Rouse pleaded guilty to discharging a firearm into a habitation, in violation of R.C. 2923.161(A)(1), with a five-year firearm specification as alleged in Count 1; felonious assault, in violation of R.C. 2903.11(A)(2), as alleged in Count 3; possessing a deadly weapon or dangerous ordinance in a school safety zone, in violation of R.C. 2923.122, as alleged in Count 5; and one count of receiving stolen property, in violation of R.C. 2913.51, as alleged in Count 7.

**{¶5}** At sentencing, the court merged Count 1 with Count 3, and the state elected to proceed on Count 1. The court imposed a five-year mandatory prison term on the firearm specification attendant to Count 1, and a five-year prison term on the underlying charge for a total of ten years on Count 1. The court sentenced Rouse to 12-month prison terms on Counts 5 and 7, to be served concurrently with each other but consecutive to the ten-year prison term imposed on Count 1, for an aggregate 11-year prison term. Finally, the court imposed postrelease control for a mandatory period of three years. Rouse now appeals his sentence.

## II. Law and Analysis

**{¶6}** In the sole assignment of error, Rouse argues his sentence is contrary to law because the sentence is not supported by the record, and the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11(B) and the mitigating factors outlined in R.C. 2929.12. He argues we should "take action under *State v. Jones*, 2018-Ohio-498, [105 N.E.3d 702 (8th Dist.)] (En Banc)."

**{¶7}** When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C.

2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings or the sentence is otherwise "contrary to law."

{¶8} In *State v. Jones*, 2018-Ohio-498, 105 N.E.3d 702 (8th Dist.), this court held that R.C. 2953.08(G)(2) requires an appellate court to modify or vacate a sentence if it finds, by clear and convincing evidence, that the record does not support the findings required by relevant sentencing statutes, including R.C. 2929.11 and 2929.12. *Id*. at ¶ 9, citing *Marcum* at ¶ 19. Thus, we may "take action" if we find, after reviewing the court's findings, that the sentence is contrary to law or not supported by the record. *Id*. at ¶ 19.

{¶9} When sentencing a defendant, a court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the serious and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. R.C. 2929.11 provides that the overriding purposes of felony sentencing are

> to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.[1]

To achieve these purposes, R.C. 2929.11(A) directs sentencing courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(B) further provides that a sentence for a felony conviction must be "commensurate

---

[1] In June 2018, the Ohio Legislature amended R.C. 2929.11 in S.B. 66, which became effective on October 29, 2018. One of the amendments added a third purpose for felony sentencing. In addition to protecting the public from future crime by the offender and punishing the offender, the statute now provides that a sentencing court must consider the promotion of "the effective rehabilitation of the offender[.]" *See* 2018 Am.Sub.S.B. No. 66.

with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶10} R.C. 2929.12 sets forth a nonexhaustive list of factors the court must consider in relation to the seriousness of the underlying crime and likelihood of recidivism, including "(1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 26, citing R.C. 2929.12(B) and (D).

{¶11} R.C. 2929.12(C) also requires the trial court to consider factors "indicating that the offender's conduct is less serious than conduct normally constituting the offense" such as (1) whether the victim induced or facilitated the offense, (2) whether the offender acted under strong provocation, (3) whether the offender "did not cause or expect to cause physical harm to any person or property," and (4) whether "[t]here are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."

{¶12} Rouse argues his sentence is contrary to law because "[t]here was no analysis under R.C. 2929.12 of the more serious, less serious, and normal factors" or of the "more likely and less likely to commit future crimes factors." (Appellant's brief at 11.) Rouse asserts that his trial counsel informed the court that his father had recently been incarcerated, but the trial court "gave this mitigating factor no weight whatsoever or at least did not discuss such a mitigating factor." (Appellant's brief at 11.) Rouse also argues the court failed to consider other mitigating factors, including the facts that (1) he was only 18 years old at the time of the offense, (2) the victim was

not seriously injured, (3) he accepted responsibility for his crimes by pleading guilty, (4) he has graduated from high school, and (5) he was gainfully employed.

{¶13} However, trial courts are not required to make factual findings under R.C. 2929.11 or 2929.12 before imposing more than the minimum sentence. *Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, at ¶ 27. "Consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12, citing *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234. A trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *State v. Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶ 37.

{¶14} Rouse does not challenge his consecutive sentence. Rather, he argues the ten-year prison term on Count 1 is excessive. However, a trial court has "'full discretion to impose a prison sentence within the statutory range * * * .'" *State v. Underwood*, 8th Dist. Cuyahoga No. 106597, 2019-Ohio-67, ¶ 11, quoting *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 34.

{¶15} Discharging a firearm into a habitation is a second-degree felony. R.C. 2929.14(A)(2) provides that second-degree felonies are subject to prison terms of between two and eight years, in yearly increments. Thus, the five-year prison term imposed on the underlying charge in Count 1 is within the statutory range for second-degree felonies. Moreover, the five-year prison term on the attendant firearm specification, to be served consecutive to the sentence on the underlying charge, was required by R.C. 2941.146(A). Therefore, the ten-year prison term on Count 1 was not the maximum sentence Rouse could have received and was within the statutory range for second-degree felonies.

**{¶16}** As previously stated, the trial court also sentenced Rouse to 12-month prison terms on Count 5 and Count 7. Count 5 alleged possessing a deadly weapon in a school safety zone, a fifth-degree felony. Count 7 alleged receiving stolen property, a fourth-degree felony. R.C. 2929.14(A)(4) provides that for fourth-degree felonies, the prison term shall be between six and 18 months, in monthly increments. R.C. 2929.14(A)(5) provides that for fifth-degree felonies, the prison term shall be between six and 12 months, in monthly increments. Therefore, the 12-month prison terms imposed on Counts 5 and 7 were also authorized by law.

**{¶17}** Rouse nevertheless argues the ten-year prison term on Count 1 is not supported by the record. Although not required to make findings on the record, the trial court indicated it was imposing a five-year prison term on the underlying charge in Count 1, "[b]ased on the circumstances in this case and the situation, placing someone at risk as the result of a firearm and a drive-by shooting." One of Rouse's bullets grazed the victim's arm, and other bullets shattered windows in the victim's home. (Tr. 96-97.) Just because the victim did not suffer a more serious physical injury does not mean Rouse's act of shooting several bullets into an occupied home was not serious. Undoubtedly, the victim suffered psychological injury as a result of being shot in her home, and her home sustained significant damage.

**{¶18}** The trial court also made the following findings on the record regarding seriousness and recidivism factors to justify imposing more than the minimum sentence:

> You do have a criminal history by way of your juvenile record that demonstrates to me that you were involved with serious criminal conduct at that time, even though as a juvenile. And the time period between then and now is a relatively short time period.
>
> And given the fact that this is only a month apart, these offenses of using the weapon or having the weapon nearby, tells me that it's really part of similar conduct. * * *

Taking a firearm into a school * * * is a very serious crime, in my view. And I'm a little surprised and taken back by the fact that our legislature thinks that that's the least serious felony in imposing that sentence. It seems to me that should carry a stronger sentence, but that's what the legislature has decided.

(Tr. 124-125.)

**{¶19}** And despite Rouse's argument to the contrary, the court considered Rouse's age and the fact that he graduated from high school. The court stated:

I'm well aware that you're 19 years old. And it is certainly — and I take no pleasure in imposing this sentence. You obviously have the ability to do well. You graduated from high school. You were permitted to do that. And I did take that into consideration in the sentence by reducing the amount of time in this case.

(Tr. 127.)

**{¶20}** The transcript of the sentencing hearing demonstrates that the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the serious and recidivism factors set forth in R.C. 2929.12. And, the trial court's journal entry states that "[t]he court considered all required factors of the law," and that "[t]he court finds that prison is consistent with the purpose of R.C. 2929.11." Therefore, the trial court complied with all relevant sentencing provisions, and Rouse's 11-year sentence is not contrary to law. And since the record supports the court's findings, the sentence must be affirmed.

**{¶21}** The sole assignment of error is overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed,

any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
MICHELLE J. SHEEHAN, J., CONCUR