[Cite as *State v. Bridges*, 2019-Ohio-1769.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                                          No. 107281

v.                                      :

ANDRE L. BRIDGES,                       :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 9, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-602730-A

---

*Appearances:*

Thomas A. Rein, *for appellant.*

Michael C. O'Malley, Prosecuting Attorney, and Maxwell Martin, Assistant Prosecuting Attorney, *for appellee.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Andre L. Bridges, appeals the eight-year sentence imposed by the trial court on his convictions for rape and kidnapping. Bridges contends that his sentence should be vacated and the matter remanded for

resentencing because the record does not support his sentence. Finding no merit to the appeal, we affirm.

## I. Background

{¶ 2} After a jury trial, Bridges was convicted of one count of rape in violation of R.C. 2907.02(A)(2), a first-degree felony; one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a fourth-degree felony; and one count of kidnapping in violation of R.C. 2905.01(A)(4), a first-degree felony.

{¶ 3} This court set forth the facts regarding Bridges's offenses in *State v. Bridges*, 8th Dist. Cuyahoga No. 105440, 2018-Ohio-1388, as follows:

> Bridges first met the victim, L.M., at her sister's house on Halloween, 2015. The two talked over the next few days and eventually planned to go to dinner for L.M.'s birthday. The date did not go well according to L.M. Over the next couple of days, Bridges attempted to call L.M. to apologize for the bad date. On November 8, 2015, Bridges ultimately contacted L.M to discuss their last date and, after several hours of talking, L.M. accepted Bridges's apology. L.M. informed Bridges that she had plans to celebrate her best friend's birthday, and they separated. After dinner, L.M. and her friends decided to go to a club for dancing. This was also the same club that Bridges mentioned to L.M. that he would be going to that evening.
>
> Bridges met with L.M. and her friends at the club. After a few drinks, L.M. asked Bridges to drive her home, and arranged for her friends to drive her car to her home. When they all arrived at L.M.'s house, L.M. told her friends that she wanted Bridges to leave because she did not want to have sex with him. Bridges and the rest of L.M.'s friends left, with Bridges stating that he was going to come back to L.M.'s home. Ten minutes later, Bridges returned to L.M.'s home. L.M. refused to let Bridges into her home until he promised that they would not get physical. Once Bridges entered the home, Bridges and L.M. started kissing. L.M. pulled away and reminded Bridges of his promise.
>
> L.M. and Bridges then walked into her living room, where they laid on the floor together and began kissing once more. L.M. again asked Bridges to slow down. Bridges got on top of L.M. and started touching

and kissing her. L.M. resisted by trying to push Bridges off of her. Bridges removed L.M.'s clothes and penetrated L.M.'s vagina without her consent.

Once Bridges stopped, L.M. put her clothes back on and moved to the other side of the room. Bridges eventually left L.M.'s home. The next day, L.M. confided in her friend everything that transpired the night before with Bridges. That evening, L.M. reported the incident to the Maple Heights Police Department. L.M. then went to the hospital, where she was examined and treated for sexual assault. The semen discovered on L.M.'s body was submitted as part of L.M.'s rape kit.

A DNA analyst analyzed the semen from the rape kit and matched it to the DNA profile from Bridges. The police interviewed Bridges, who denied having sex with or raping L.M.

*Id.* at ¶ 3-7.

{¶ 4} At sentencing, the trial court sentenced Bridges to nine years incarceration on his rape conviction, nine years for kidnapping, and 18 months for gross sexual imposition. The court ordered that the sentences for rape and kidnapping be served consecutively, concurrent with the 18-month sentence for gross sexual imposition, for an aggregate term of 18 years in prison. The trial court also determined that Bridges is a Tier III sex offender, and subject to five years of mandatory postrelease control.

{¶ 5} On appeal, this court affirmed Bridges's convictions, but held that the trial court erred in not merging the rape and kidnapping counts for sentencing. *Id.* at ¶ 24. This court remanded the matter for resentencing. *Id.* at ¶ 25. Upon remand, the state elected to merge the kidnapping count into the rape count, and have the court resentence on the rape conviction. The trial court resentenced Bridges to a term of eight years for the rape conviction, concurrent with 18 months on the

conviction for gross sexual imposition, for a total term of eight years. This appeal followed.

## II. Law and Analysis

**{¶ 6}** In his single assignment of error, Bridges contends that the record does not support his more than minimum eight-year prison sentence.

**{¶ 7}** When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings as required by relevant sentencing statutes, or the sentence is otherwise contrary to law. *State v. Rouse*, 8th Dist. Cuyahoga No. 107379, 2019-Ohio-708, ¶ 7; R.C. 2953.08(G)(2).

**{¶ 8}** When sentencing a defendant, a court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the serious and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court fails to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

**{¶ 9}** Under R.C. 2929.11(A), the overriding purposes of felony sentencing are to (1) protect the public from future crime by the offender and others, (2) punish

the offender, and (3) promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purpose without imposing an unnecessary burden on state or local government resources. In addition, a sentence for a felony conviction must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 10} R.C. 2929.12 gives the sentencing court discretion to determine the best way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11 when imposing a sentence. *State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, ¶ 10. In exercising this discretion, however, the sentencing court must consider a nonexhaustive list of factors relating to the seriousness of the offender's conduct and the likelihood of recidivism. R.C. 2929.12. These factors include the physical, psychological, and economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant shows any remorse; and any other factors relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(B) and (D). The court must also consider any factors "indicating that the offender's conduct is less serious than conduct normally constituting the offense." R.C. 2929.12(C).

{¶ 11} Nevertheless, R.C. 2929.11 and 2929.12 are not fact-finding statutes and, therefore, although the trial court must "consider" the factors, the court is not

required to make specific findings on the record regarding its consideration of those factors, even when imposing a more than minimum sentence. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11; *Rouse*, 8th Dist. Cuyahoga No. 107379, 2019-Ohio-708 at ¶ 13. Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise. *State v. Wright*, 8th Dist. Cuyahoga No. 106175, 2018-Ohio-965, ¶ 16. Moreover, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is alone sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *Id.*

{¶ 12} Bridges contends that the record does not support his eight-year sentence because "a review of the 2929.12 factors clearly and convincingly fails to support the sentence." We disagree.

{¶ 13} At the original sentencing hearing, L.M. told the court how her life had changed as a result of the rape. She said that she was unable to work for two and one-half months after Bridges raped her. She said that she had difficulty performing even basic household tasks and taking care of her young children, and had to seek weekly therapy for her emotional well-being. She said Bridges's crimes affected her financially because she was not paid while she was not working, and she incurred extra medical bills as a result of the rape. She said the rape also affected her socially because she was no longer comfortable in social situations or with dating anyone. In his statement to the court, Bridges denied that he raped L.M.

{¶ 14} After hearing from L.M. and Bridges at the original sentencing hearing, the court noted with respect to the seriousness and recidivism factors of R.C. 2929.12(B) that it was struck by the severe psychological damage suffered by L.M. as a result of Bridges's offenses. (Tr. 735.) The court noted further that Bridges had failed to show any remorse for his crimes, much less even acknowledge that he had done anything wrong. (Tr. 735.) At resentencing, the trial court specifically incorporated these findings from the original sentencing hearing into its findings upon resentencing. (Tr. 783.)

{¶ 15} Also at resentencing, the court stated that in addition to considering what it had considered at the original sentencing hearing, it had considered Bridges's extensive criminal history, which included convictions for domestic violence, attempted felonious assault, and battery. The court noted that although Bridges had served time in prison and been given the opportunity for community control on numerous occasions, "he has demonstrated that he has not been rehabilitated." (Tr. 776.)

{¶ 16} The court also specifically stated at resentencing that it had considered the purposes and principles of sentencing and found that not sentencing Bridges to prison would demean the seriousness of his offenses and not adequately protect society from future criminal conduct by him. (Tr. 775). The court noted further that Bridges's eight-year prison sentence was warranted in light of acts regarding his offenses that the court found particularly disturbing; specifically, that L.M. made multiple attempts to push Bridges off but he held her down on the floor

while he raped her (tr. 770), and that when L.M. tried to run away from Bridges in her apartment after the rape, he went after her and prevented her from escaping. (Tr. 783.)  These findings were supported by the record.  At trial, L.M. testified that she resisted and made multiple attempts to push Bridges off her, but he pinned her down, pulled her pants and underwear off, and pushed his penis into her vagina. (Tr. 373-376.)  At the original sentencing hearing, L.M. told the court that after the rape, "I was trying to run from him, and he charged towards me in my hallway and was blocking me from trying to move out.  And then I ran towards the other end of the hallway and he blocked me repeatedly.  At this time I was asking him to leave and he told me no, he wouldn't leave."  (Tr. 722.)

{¶ 17}  A trial court has "full discretion to impose a prison sentence within the statutory range."  *State v. Underwood*, 8th Dist. Cuyahoga No. 106597, 2019-Ohio-67, ¶ 11.  The eight-year prison sentence imposed on Bridges is within the statutory range for a first-degree felony.  *See* R.C. 2929.14(A).

{¶ 18}  Furthermore,   the   transcript   of   the   resentencing   hearing demonstrates that the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12.  And the trial court's journal entry of sentencing states that "[t]he court considered all required factors of the law," and "[t]he court finds that prison is consistent with the purpose of R.C. 2929.11."  Accordingly, the trial court complied with all relevant sentencing provisions.  Bridges's eight-year sentence is therefore not contrary to law.  Furthermore, despite Bridges's assertion that the

eight-year prison sentence was not warranted because "he is a very good person," the record supports the trial court's findings.  Accordingly, his sentence is affirmed.

{¶ 19}  The sole assignment of error is overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
RAYMOND C. HEADEN, J., CONCUR

**Sentence; serious and recidivism factors; R.C. 2929.11; R.C. 2929.12.** -Defendant's eight-year prison sentence for rape affirmed where (1) the trial court considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, (2) the record supported the trial court's findings under R.C. 2929.12, and (3) the sentence was within the statutory range for a first-degree felony.