[Cite as *State v. Edwards*, 2022-Ohio-465.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110561 |
| v. | : | |
| DONALD EDWARDS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 17, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-650808-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Samantha Sohl, Assistant Prosecuting
Attorney, *for appellee.*

Jerome Emoff, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} In this delayed appeal, defendant-appellant, Donald Edwards
("Edwards"), appeals his conviction and sentence following his guilty plea to
domestic violence. For the reasons set forth below, we affirm.

{¶ 2} In August 2020, defendant was charged in a two-count indictment. Count 1 charged him with aggravated burglary and Count 2 charged him with felony domestic violence. Pursuant to a plea agreement with plaintiff-appellee, the state of Ohio, Edwards pled guilty to domestic violence (Count 2) and the aggravated burglary charge (Count 1) was nolled. The trial court sentenced Edwards to 36 months in prison with three years of postrelease control.

{¶ 3} It is from this order that Edwards now appeals, raising the following two assignments of error for review:

> **Assignment of Error I:** The trial court failed to substantially comply with Crim.R. 11(C)(2).

> **Assignment of Error II:** Appellant's maximum sentence is contrary to law.

## Guilty Plea

{¶ 4} In the first assignment of error, Edwards argues that the trial court failed to substantially comply with Crim.R. 11(C)(2) because the trial court did not properly inform him that he was subject to three years of mandatory postrelease control for domestic violence.

{¶ 5} In *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, the Ohio Supreme Court recently clarified the review standard on appeal regarding compliance with Crim.R. 11. The *Dangler* Court stated, "[w]hen a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial court proceedings and that he was prejudiced by that error." *Id.* at ¶ 13, citing *State v. Perry*, 101 Ohio

St.3d 118, 2004-Ohio-297, 802 N.E.2d 643; *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977); Crim.R. 52.

{¶ 6} The court further stated that it has set forth two limited exceptions to the traditional rule in the criminal-plea context. *Id.* at ¶ 14-15. Under these two exceptions, no showing of prejudice is required when: (1) a trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, and (2) a trial court has completely failed to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 14-15, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224.

{¶ 7} The Ohio Supreme Court has identified constitutional rights as those set forth in Crim.R. 11(C)(2)(c): "the right to a jury trial, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. *Veney* at ¶ 19." *Id.* at ¶ 14. However, "when a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea." *Id.*, citing *Veney* at ¶ 17. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990). The court stated,

"[t]he test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 16, quoting *Nero* at 108. A defendant must establish prejudice "'on the face of the record'" and not solely by virtue of challenging a plea on appeal. *Id.* at ¶ 24, quoting *Hayward v. Summa Health Sys.*, 139 Ohio St.3d 238, 2014-Ohio-1913, 11 N.E.3d 243, ¶ 26.

{¶ 8} The court recognized that prior case law has "muddled [the] analysis by suggesting different tiers of compliance with the rule" and "those formulations have served only to unduly complicate what should be a fairly straightforward inquiry." *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 17. As a result, our inquiry no longer focuses on strict, substantial, or partial compliance with the rule. Rather, the questions to be answered are as follows: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.*

{¶ 9} In the instant case, Edwards complains that the trial court failed to explain the maximum penalty involved (a nonconstitutional right) under Crim.R. 11(C)(2)(a), which provides that a trial court shall not accept a guilty plea in a felony case without first

> [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 10} His argument rests on the court's following advisement during the guilty plea:

> THE COURT: If you are sentenced to prison in this case then upon your release from prison the Ohio Parole Board can impose a period of post-release control not to exceed three years.
>
> [EDWARDS]: Yes.
>
> THE COURT: I'm sorry, they would impose post-release control of three years, there would be no reduction. They may impose conditions and sanction.
>
> Should you decide to commit an act that causes you to be in violation of your post-release control you can be remanded to an Ohio penal institution for an additional 50 percent of your original sentence; do you understand that?
>
> [EDWARDS]: Yes.

(Tr. 7-8, Feb. 16, 2021.)

{¶ 11} Edwards claims that the trial court's use of the word "would" suggests that the parole board's actions are discretionary, when in fact, they are mandatory. A review of the above advisement, however, reveals that the trial court did not just change "can" to "would," but also included that "there would be no reduction" in the imposition of Edwards's postrelease control. Because the trial court advised Edwards that he would be subject to mandatory postrelease control, the trial court complied with Crim.R. 11(C)(2)(a)'s maximum-penalty-advisement requirement.

{¶ 12} Having answered the first question in the affirmative, we then look to the third question, and Edwards can prevail only by establishing that he would not have pled guilty but for the trial court's failure to advise that he was subject to mandatory postrelease control. A review of the instant case reveals that there is

nothing in the record indicating Edwards would not have entered his plea had he been more thoroughly informed about mandatory postrelease control. Because Edwards has not established prejudice, he is not entitled to have his guilty plea vacated for a failure to comply with Crim.R. 11(C). *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 24.

{¶ 13} Therefore, the first assignment of error is overruled.

<u>Sentence</u>

{¶ 14} In the second assignment of error, Edwards argues that his 36-month maximum sentence is contrary to law.

{¶ 15} An appellate court reviews felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings as required by relevant sentencing statutes or the sentence is otherwise contrary to law.

{¶ 16} When sentencing a defendant, the sentencing court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court fails to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the

sentencing factors in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

{¶ 17} Under R.C. 2929.11(A), a felony sentence shall be "reasonably calculated" to achieve three "overriding purposes":  to (1) protect the public from future crime by the offender and others; (2) punish the offender; and (3) promote the effective rehabilitation of the offender using the minimum sanctions the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.  Additionally, the imposed sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."  R.C. 2929.11(B).

{¶ 18} R.C. 2929.12 provides the sentencing court with the discretion to determine the best way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11 when imposing a sentence.  *State v. Bridges*, 8th Dist. Cuyahoga No. 107281, 2019-Ohio-1769, ¶ 10.  R.C. 2929.12 sets forth a nonexhaustive list of factors a trial court must consider in determining the seriousness of the offender's conduct and the likelihood of recidivism, including:  the offender's history of criminal convictions, whether the offender has responded favorably to sanctions previously imposed for criminal convictions, whether the offender has demonstrated remorse, and any other factors relevant to achieving the purposes and principles of sentencing.  R.C. 2929.12(A), (D)(2)-(3), and (D)(5).

{¶ 19} Although the sentencing court must consider the factors in R.C. 2929.11 and 2929.12, the court is not required to make specific findings on the record regarding its consideration of those factors, even when imposing a more-than-minimum sentence. *Bridges* at ¶ 11, citing *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234; *State v. Rouse*, 8th Dist. Cuyahoga No. 107379, 2019-Ohio-708. Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise. *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.) (The "trial court's statement in its sentencing journal entry that it considered the required statutory factors is alone sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12." *Id.*, citing *Keith*, citing *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, and *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112.).

{¶ 20} Edwards contends that the 36-month maximum sentence for his offense is contrary to law because the court primarily considered his prior criminal history when imposing its sentence.

{¶ 21} At the sentencing hearing in the instant case, the trial court referenced the presentence-investigation report completed on Edwards and outlined Edwards's 11 prior domestic violence convictions, dating back to 1997. He served multiple prison terms and had been given community control sanctions in the past, which he violated. With regard to the facts of the instant case, the court indicated that Edwards entered the home of his on-again/off-again girlfriend, smacked her hard on the face, and then left. The victim's impact statement was also

read into the record. The victim, who is the mother of Edwards's nine-year old child, stated she does not want Edwards to go to prison. She believes that Edwards is a good father and grandfather, but he has an alcohol problem. She stated more than once that she does not want him to go to prison.

{¶ 22} When applying the standard set forth in R.C. 2953.08(G)(2) to the instant case, we find that Edwards's 36-month sentence is within the statutory range. We further find that the trial court's sentence is supported by the relevant sentencing statutes. With his 11 prior domestic violence convictions, multiple prison terms, and past violations of community control, Edwards is not amenable to community control sanctions. Edwards's 36-month sentence protects the public and punishes the offender, without imposing an unnecessary burden on state or local government resources. Furthermore, the trial court's sentencing journal entry indicates that it "considered all required factors of the law." The court's statement in its journal entry is enough to find that the court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, at ¶ 11.

{¶ 23} Having failed to clearly and convincingly demonstrate that the record does not support his 36-month sentence or that the sentence is contrary to law, Edwards's second assignment of error is overruled.

{¶ 24} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____\
MARY J. BOYLE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LISA B. FORBES, J., CONCUR