[Cite as *State v. Ledger*, 2025-Ohio-2074.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                         :

    Plaintiff-Appellee,            :

    v.                             :

                 No. 114506

MICHAEL R. LEDGER, JR.,                :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 12, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-689980-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Patrick White, Assistant Prosecuting Attorney, *for appellee.*

Goldberg Dowell & Associates and John J. Dowell, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant Michael R. Ledger, Jr. ("Ledger") appeals his sentence and claims the following error:

The sentence imposed by the trial court was contrary to law.

{¶ 2} We affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In March 2024, Ledger was charged in an 11-count indictment with one count of aggravated drug trafficking in violation of R.C. 2925.03(A)(2), a first-degree felony; one count of aggravated drug possession in violation of R.C. 2925.11(A), a second-degree felony; one count of trafficking in hashish in violation of R.C. 2925.03(A)(2), a second-degree felony; one count of possession of hashish in violation of R.C. 2925.11(A), a second-degree felony; one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2), a third-degree felony; one count of possession of marijuana in violation of R.C. 2925.11(A), a third-degree felony; one count of illegal cultivation of marijuana in violation of R.C. 2925.04(A), a third-degree felony; two counts of having weapons while under disability in violation of R.C. 2923.13(A)(2), third-degree felonies; and two counts of possessing criminal tools in violation of R.C. 2923.24(A), fifth-degree felonies.

{¶ 4} Ledger subsequently pleaded guilty to one count of trafficking in violation of R.C. 2925.03(A)(2), as amended in Count 1, a second-degree felony; one count of illegal cultivation of marijuana in violation of R.C. 2925.04(A), as alleged in Count 7, a third-degree felony; and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), as alleged in Count 8, a third-degree felony. All remaining counts were nolled.

{¶ 5} The court sentenced Ledger to an indefinite prison term of five to seven and a half years on his trafficking conviction. The court imposed 36-month

sentences on Ledger's illegal-cultivation-of-marijuana and having-weapons-while-under-disability convictions, to be served concurrently with the sentence imposed on the trafficking conviction. This appeal followed.

## II. Law and Analysis

{¶ 6} In the sole assignment of error, Ledger argues the sentence imposed on him by the trial court is contrary to law.

{¶ 7} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) or (2) the sentence is "otherwise contrary to law."

{¶ 8} A sentence is not clearly and convincingly contrary to law if "the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 2013-Ohio-2525, ¶ 10 (8th Dist.).

{¶ 9} R.C. 2929.11 addresses the overriding purposes of felony sentencing, and R.C. 2929.12 enumerates certain factors the court must consider when imposing a sentence. *State v. Jones*, 2020-Ohio-6729, ¶ 18-19. Under R.C. 2929.11(A), the overriding purposes of felony sentencing are to (1) "protect the public from future

crime by the offender and others," (2) "punish the offender," and (3) "promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Additionally, the sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). The sentencing court has discretion to determine the best way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *State v. Bridges*, 2019-Ohio-1769, ¶ 10 (8th Dist.).

{¶ 10} R.C. 2929.12 sets forth a nonexhaustive list of factors the trial court must consider in assessing the seriousness of the offender's conduct and the likelihood of recidivism, including the offender's history of criminal convictions; whether the offender has responded favorably to sanctions previously imposed for criminal convictions; whether the offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense; whether the offender has demonstrated remorse; and any other factors relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(A), (D)(2)-(4), and (D)(5).

{¶ 11} R.C. 2929.12(C) sets forth factors indicating when the offender's conduct is less serious than conduct normally constituting the offense, including whether the victim induced or facilitated the offense; whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person

or property; and whether there are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

{¶ 12} R.C. 2929.11 and 2929.12 are not fact-finding statutes. Therefore, although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the court is not required to make findings or give reasons for imposing more than the minimum sentence. *State v. Pavlina*, 2013-Ohio-3620, ¶ 15 (8th Dist.), citing *State v. Foster*, 2006-Ohio-856. A trial court's general statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes. *Id.*, citing *State v. Wright*, 2011-Ohio-733, ¶ 4 (8th Dist.). Indeed, consideration of the factors is presumed unless the defendant affirmatively shows otherwise. *State v. Wright*, 2018-Ohio-965, ¶ 16 (8th Dist.), citing *State v. Keith*, 2016-Ohio-5234, ¶ 11 (8th Dist.).

{¶ 13} Ledger's trafficking conviction is a second-degree felony. R.C. 2929.14(A) governs prison terms and provides that for a second-degree felony, "the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code[.]" R.C. 2929.14(A)(2)(a). As previously stated, the court sentenced Ledger to an indefinite prison term of five to seven and a half years on his trafficking conviction. Therefore, this sentence is within the statutory range for second-degree felonies.

{¶ 14} Ledger's illegal-cultivation-of-marijuana and having-weapons-while-under-disability convictions are both third-degree felonies. R.C. 2929.14(A)(3)(b) provides that for these particular third-degree felonies, "the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Therefore, the 36-month prison terms imposed on Ledger's illegal-cultivation-of-marijuana and having-weapons-while-under-disability convictions are also within the statutory range for these offenses.

{¶ 15} The trial court stated in its sentencing entry that it considered all required sentencing factors. It has, therefore, complied with the requirements of R.C. 2929.11 and 2929.12. Ledger nevertheless contends his sentence is contrary to law because it exceeds the minimum means necessary to punish him and because it is inconsistent with sentences imposed on similar offenses committed by similar offenders.

{¶ 16} Ledger sustained a work-related injury in 2016 that resulted in the loss of his arm. He claims he was prescribed opioids, became addicted to them, and used marijuana and mushrooms to withdraw from his opioid addiction. He further claims that he told other addicts at his Alcoholics Anonymous meeting about his success using marijuana and mushrooms to withdraw from opioid drugs, and he sold marijuana and mushrooms to them to help them get off their opioid drugs. Ledger argues his sale and use of illegal marijuana to treat his opioid addiction is a mitigating factor indicating he is unlikely to commit future crimes.

{¶ 17} However, the record reflects that Ledger has a significant criminal record, demonstrating that prior criminal sanctions failed to rehabilitate him and that he is likely to commit future crimes. The record further shows that Ledger committed these offenses as part of an organized criminal activity of growing and selling marijuana in large quantities while it was illegal. This conduct represents a more serious form of these offenses rather than mere selling. Indeed, by Ledger's own admission, he induced other people to purchase illegal drugs and thereby spread his criminal behavior to others. Such behavior shows a pattern of disrespect for the law and an escalation of offenses consistent with Ledger's criminal record.

{¶ 18} Therefore, the trial court acted within its discretion when it determined that a five- to-seven-and-a-half-year prison term was necessary to punish Ledger and to protect the public, and the sentence is clearly and convincingly supported by the record. Therefore, Ledger's sentence is not contrary to law.

{¶ 19} The sole assignment of error is overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
MICHAEL JOHN RYAN, J., CONCUR