[Cite as *State v. Ickes*, 2026-Ohio-784.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

HUGH B. ICKES, III,

        Defendant-Appellant.

| |
|---|

CASE NO. 2025-P-0028

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 CR 00806

---

## OPINION AND JUDGMENT ENTRY

Decided: March 9, 2026
Judgment: Affirmed

---

*Connie J. Lewandowski*, Portage County Prosecutor, and *Kristina K. Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Gregory T. Stralka*, 6509 Brecksville Road, P.O. Box 31776, Cleveland, OH 44131 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Hugh B. Ickes, III, appeals from his convictions in the Portage County Court of Common Pleas for Operating a Vehicle Under the Influence of Alcohol. For the following reasons, we affirm the judgment of the lower court.

{¶2} On September 26, 2024, the Portage County Grand Jury indicted Ickes for two counts of Operating a Vehicle Under the Influence of Alcohol, felonies of the third degree, in violation of R.C. 4511.19(A)(1)(a) and (h), and Driving Under Suspension, a

misdemeanor of the first degree, in violation of R.C. 4510.11. The OVI counts included specifications that Ickes had previously been convicted of five or more equivalent offenses in the past 20 years.

{¶3} The court held a change of plea hearing on January 24, 2025. The court explained the charges, possible penalties, and rights waived by entering pleas. Ickes entered no contest pleas to the three offenses charged in the indictment. He stipulated to the findings of facts and finding of guilt. The court found that he entered his pleas knowingly, intelligently, and voluntarily.

{¶4} The court held a sentencing hearing on April 21, 2025. Defense counsel argued that Ickes was cordial during his arrest, caused no harm, and understands he has a problem. The State argued that Ickes has nine prior OVI convictions and has consistently driven while impaired by alcohol over the course of thirty years. The court ordered Ickes to serve three years in prison for the first count of OVI and two years for the second count, to be served consecutively, with a concurrent term of 180 days in jail for DUS.

{¶5} Ickes timely appeals and raises the following assignment of error:

{¶6} "The appellant's no contest plea was not knowingly and intelligently entered because he was not advised that prior un-counseled convictions could not be used to enhance the punishment."

{¶7} Ickes argues that he could not have entered his pleas knowingly without first being advised that his prior OVI convictions could not be used to elevate his punishment if they were uncounseled or without waiver of counsel. In other words, the

Case No. 2025-P-0028

court was required to advise him that past OVI convictions must have been made with the assistance of counsel to increase the level of the present OVIs to felonies.

**Knowing and Voluntary Pleas**

{¶8}    "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).  "To ensure compliance with the constitutional mandates, Criminal Rule 11 was adopted." *State v. McDaniel*, 2020-Ohio-7003, ¶ 11 (11th Dist.).  The Ohio Supreme Court has explained "that the rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" (Citation omitted.) *State v. Dangler*, 2020-Ohio-2765, ¶ 11.

{¶9}    Crim.R. 11(C)(2) sets forth both constitutional and nonconstitutional components.  Crim.R. 11(C)(2)(c) provides the constitutional rights, which include "the right to a jury trial, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt." *Dangler* at ¶ 14.  As to the "nonconstitutional" aspects, Crim.R. 11(C)(2)(a) and (b) require that the court determine "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved" and the defendant "understands the effect

of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence."

**Entry of a Plea Without Advisement that Prior Uncounseled Convictions Cannot Be Used to Enhance the Offense**

{¶10} Ickes argues that "[i]n order for a plea change to be valid, Appellant must have been advised on the record that any un-counseled prior convictions could not have been used to enhance his penalty." It is accurate that "a conviction cannot be used to enhance the degree of a subsequent offense if the prior conviction was obtained without assistance of counsel." *State v. Baiduc*, 2007-Ohio-4963, ¶ 12 (11th Dist.). "An uncounseled conviction is one where the defendant was not represented by counsel and where he did not make a knowing and intelligent waiver of counsel." *Id.* at ¶ 13. However, Ickes cites no authority for the proposition that a defendant must be advised that uncounseled convictions cannot be used to enhance an offense prior to entering a plea to that offense. Crim.R. 11 contains no such requirement nor is case law cited to demonstrate such a requirement has been established.

{¶11} This court has previously addressed the same argument. In *Baiduc*, the defendant, who had convictions for five prior OVIs in 20 years, entered a plea of guilty to felony OVI. On appeal, he argued that his plea was "involuntary because the trial court failed to advise him that prior OMVI offenses could not be used to enhance the degree of his current offense unless he was represented by counsel in the prior cases." *Id.* at ¶ 11. This court rejected that argument. It found that "Appellant has failed to cite any authority in support of this argument." *Id*. It further explained that the burden is on the defendant

Case No. 2025-P-0028

to demonstrate that the convictions were uncounseled and there was a lack of evidence to demonstrate that the prior convictions were uncounseled. It emphasized that "[w]here questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity." *Id.* at ¶ 16, citing *State v. Brandon*, 45 Ohio St.3d 85 (1989), syllabus.

{¶12} In the present matter, Ickes has not demonstrated that the law required the trial court to advise him regarding uncounseled prior convictions. He has further failed to make any argument that he actually had uncounseled prior convictions that could not be used to enhance the OVIs in this matter to third-degree felonies.

**No Contest Pleas and Demonstration of Facts**

{¶13} Ickes argues that because he entered a no contest plea, the State was required to "establish all of the necessary facts of the prior violations, including the presence of an attorney."

{¶14} The State is generally not required to prove facts relating to the past charges allowing for enhancement unless they are disputed. *State v. Thompson*, 2009-Ohio-314, ¶ 7 ("the state does not have the burden of proving that [defendant] had been represented or that he had validly waived representation unless [he] makes a prima facie showing that he had been 'uncounseled' in his prior convictions"). Further, we observe that in felony cases, unlike misdemeanor cases, "Crim.R. 11 does not require an explanation of circumstances before the court accepts a no contest plea to a felony."

*State v. Wilson*, 2018-Ohio-902, ¶ 46 (11th Dist.). "The Supreme Court of Ohio has stated that 'where the indictment . . . contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense.'" *Id.* at ¶ 47, citing *State v. Bird*, 81 Ohio St.3d 582, 584 (1998). The indictment in the present matter charged that Ickes had five prior OVIs in 20 years, making the OVI offenses in this matter felonies. He does not point to any authority requiring the State to provide evidence demonstrating the validity or counseled nature of the prior pleas/convictions for OVI merely because he pled no contest rather than guilty. Further, Ickes stipulated to the findings of fact and counsel indicated that they would "waive any reading of fact at this time," indicating the State had no reason to review the facts giving rise to the charges.

{¶15} Even if we presumed error, prejudice must be demonstrated unless the trial court fails to explain constitutional rights or completely failed to comply with a portion of Crim.R. 11(C). *Dangler*, 2020-Ohio-2765, at ¶ 13-15. These exceptions do not apply here. As such, Ickes "is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16. "[A] defendant must affirmatively show prejudice to invalidate a plea." *Id.* at ¶ 14; *State v. Edwards*, 2022-Ohio-465, ¶ 7 (8th Dist.), citing *Hayward v. Summa Health Sys.*, 2014-Ohio-1913, ¶ 26 ("[a] defendant must establish prejudice 'on the face of the record' and not solely by virtue of challenging a plea on appeal"). In the lower court, he did not raise any concerns over the validity of his past convictions. There is no indication he would not have entered his pleas had he been advised of the need that prior

Case No. 2025-P-0028

pleas be counseled, given the lack of any argument that he had previously entered uncounseled pleas to OVI.  While we recognize Ickes may believe he suffered prejudice through not being advised regarding past convictions, a finding of prejudice requires a demonstration that "he would not have entered the plea but for the incomplete explanation."  *Dangler* at ¶ 2.  Since he can point to nothing in the record to show that is the case, we find no prejudice.

{¶16}  The sole assignment of error is without merit.

{¶17}  For the foregoing reasons, Ickes' convictions are affirmed.  Costs to be taxed against appellant.

MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-P-0028

---

## JUDGMENT ENTRY

---

For the reasons stated in the Opinion of this court, the assignment of error is without merit. The order of this court is that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-P-0028